Gopi VEDACHALAM, on behalf of himself and all others similarly situated; Kangana Beri, Plaintiffs—Appellees,

v.

TATA AMERICA INTERNATIONAL CORPORATION; Tata Consultancy Services, Ltd., an Indian corporation; Tata Sons, Ltd., an Indian corporation, Defendants—Appellants.

Gopi Vedachalam, on behalf of himself and all others similarly situated; Kangana Beri, Plaintiffs—Appellees,

v.

Tata America International Corporation; Tata Consultancy Services, Ltd., an Indian corporation; Tata Sons, Ltd., an Indian corporation, Defendants—Appellants.

Nos. 07–15504, 08–15521.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed July 30, 2009.

Kelly M. Dermody, Esquire, Daniel Morris Hutchinson, Lieff Cabraser Heimann & Bernstein, LLP, James Michael Finberg, Michael Rubin, Altshuler Berzon LLP, Steven M. Tindall, Esquire, Rukin, Hyland, Doria & Dufrane, LLP, San Francisco, CA, for Plaintiffs–Appellees.

Jon G. Daryanani, Michelle La Mar, Loeb & Loeb LLP, Los Angeles, CA, Kevin J. Smith, Kelley Drye & Warren LLP, New York, NY, for Defendants–Appellants.

Before: THOMAS and BYBEE, Circuit Judges, and BENITEZ *, District Judge.

MEMORANDUM **

The parties are familiar with the facts and we do not repeat them here, except as is necessary to explain our decision. Plaintiffs-appellees, Gopi Vedachalam and Kangana Beri, are Indian citizens who were employees of defendants-appellants Tata America International Corporation, *et al.*, an Indian corporation and its affiliates (collectively, "TCS"). Vedachalam and Beri brought suit against the defendants for claims relating to their employment in California, including breach of contract and various violations of the California Labor Code. The defendants appeal the district court's denial of their motion to compel arbitration under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and its ruling that

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

there was no valid agreement to arbitrate the disputes at issue. We affirm.

■ The district court did not err in finding that the Service Agreements Vedachalam and Beri signed did not constitute valid agreements to arbitrate the claims alleged in their suit against TCS. The Service Agreement protects TCS from investing training resources in an employee, only to have that employee leave; it relates to a training period and related right to exclusive employment in exchange for training. By its own terms, the Service Agreement's arbitration provision is related only to claims arising out of a breach of that agreement, which would be claims concerning an employee's failure to work for TCS for the requisite period, or a surety's failure to pay the penalty. Though under the Convention we must construe arbitration agreements liberally, and with a predisposition to enforce them, *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478–79 (9th Cir.1991), the Service Agreement arbitration provision does not encompass claims arising from the plaintiffs' employment in California. Additionally, the other agreements' remedial provisions—which provide different remedies for different breaches, including the right of TCS to sue its employees—are inconsistent with interpreting the arbitration provision in the Service Agreement to cover all disputes arising out of the plaintiffs' employment with TCS.

■ The 2000 letter, which only Vedachalam signed, authorizes two named individuals to be sole arbitrators "[i]n the context of Tata Consultancy Services deputing [him] abroad and any dispute/s arising thereof, ... to hear and resolve the said dispute/s." However, it is not clear that the letter is even an agreement to arbitrate, rather than a designation of arbitrators for the Service Agreement. In any event, the letter is not an enforceable arbitration agreement because it

lacked consideration by requiring only Vedachalam, and not TCS, to arbitrate. TCS's argument that a mutual agreement to arbitrate should be inferred is unavailing because the letter contains no mutual commitment to arbitrate and the other agreements indicate that TCS explicitly reserved the right to litigate in U.S. courts and collect liquidated damages for disputes arising from employee breaches. In light of TCS's having explicitly reserved its right to litigate, we will not infer a reciprocal agreement to arbitrate all disputes arising in the context of Vedachalam's deputation.

■ TCS's argument that its promise of continued employment constitutes adequate consideration is similarly unconvincing. First, the letter does not contain any promise of continued employment. Thus, even if such a promise could constitute consideration, it is absent here. Second, while a promise of continued employment may constitute consideration sufficient to support an *at-will* employee's promise to submit claims to arbitration, *see, e.g., Demasse v. ITT Corp.*, 111 F.3d 730, 734–35 (9th Cir.1997), Vedachalam was not an at-will employee. Accordingly, a promise of continued employment does not constitute sufficient consideration.

**AFFIRMED.**